## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **Robert Dale Smart, #272017,** ) | Case No. 2:15-cv-4155-TLW-MGB |
| ) | |
| **Petitioner,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Supreme Court of South Carolina,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

Robert Dale Smart Robert ("Petitioner") is proceeding *pro se* and has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned Magistrate Judge is authorized to review the petition and submit findings and recommendations to the District Judge. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this § 2254 petition should be <u>summarily dismissed without prejudice</u>, and without issuance and service of process, for the following reasons:

I. Pro Se Habeas Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed the petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). Courts liberally construe *pro se* claims

to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012). "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.  Background

In 2001, Robert Dale Smart received a jury trial in the Court of General Sessions for Union County, South Carolina, and was convicted of "first degree criminal sexual conduct with a minor under 11 years of age." On January 17, 2001, he was sentenced to 15 years imprisonment. On direct appeal, he raised two issues: 1) whether the trial court erred in admitting into evidence drawings with unduly prejudicial hearsay inscriptions; and 2) whether the trial court erred in denying a new trial where the therapist's testimony tended to improperly identify Petitioner as the perpetrator. His convictions and sentences were affirmed. *See State v. Smart*, UP-781-2002 (S.C. Ct. App. Dec. 16, 2002).[1] Remittitur was issued on January 7, 2003.

On March 3, 2003, Petitioner filed for post-conviction relief ("PCR") in state court. On March 27, 2006, the state court denied relief. Petitioner appealed two PCR issues: 1) whether trial counsel erred by not preserving for appeal the issue of the drawings entered into evidence at trial; 2) whether trial counsel erred by not objecting to the expert's testimony on the basis that

---

[1] See http://www.judicial.state.sc.us/caseSearch (site last visited December 10, 2015).

the victim's reaction to certain pictures allegedly exceeded "time and place" parameters. The denial of PCR relief was upheld on appeal, and remittitur was issued on February 26, 2008.

The record reflects that on December 3, 2008, Petitioner filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Case No. 8:08-cv-3918-GRA-BHH, *Smart v. Reynolds, Warden of Kershaw Correctional Instn*.[2] Petitioner raised 24 issues, including variance of the indictment, prosecutorial misconduct, ineffective assistance of counsel on various grounds, alleged coaching of the 4-year-old victim, challenges to testimony, and "judicial misconduct" because the trial judge instructed the jurors that they should not take notes. Petitioner also contended that he was incompetent to stand trial because had allegedly been poisoned with arsenic and mercury and been diagnosed as a "paranoid schizophrenic." The Magistrate Judge recommended that these issues had not been raised on PCR appeal and were procedurally barred. (*Id*., (DE# 74 at 14-19). The Magistrate Judge recommended that Petitioner had shown no "cause" to excuse default, nor any "actual innocence" or "fundamental miscarriage of justice." The District Court agreed and dismissed the petition with prejudice on December 9, 2009. (*Id*., DE# 81). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal on August 31, 2010. *See Smart v. Reynolds, Warden of Kershaw Correctional Instn*. 393 F.App'x 114 (4th Cir.), *cert. denied*, 562 U.S. 1277 (2010).

On September 11, 2013, Petitioner filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The District Court summarily dismissed it without prejudice because Petitioner had not requested permission from the Fourth Circuit Court of Appeals to file

---

[2] This Court may properly take judicial notice of public records, including its own docket. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

a successive petition. See Case No. 2:13-cv-02449-GRA-BHH, *Smart v. Wilson, Warden of Kershaw Correctional Instn*. 2013 WL 6054475 (D.S.C. November 15, 2013).

On December 2, 2013, Petitioner attempted to challenge his conviction in a motion, which the District Court construed as another federal petition for a writ of habeas corpus. The District Court summarily dismissed it as successive, and the Fourth Circuit Court of Appeals denied authorization for Petitioner to file a successive petition. *See Smart v. South Carolina Dept. of Probation, Parole, and Pardon*, Case No. 2:13-cv-3621-GRA-BHH, 2014 WL 3359327 (D.S.C., July 09, 2014), *reconsideration denied*, 2014 WL 3729355 (D.S.C., July 25, 2014), *appeal dismissed*, 585 F.App'x 48 (4th Cir. Oct. 22, 2014). Petitioner has filed other related lawsuits.[3]

On October 7, 2015, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254.[4] The record does not reflect that Petitioner obtained permission from the Fourth Circuit Court of Appeals to file a successive petition. At the conclusion of his 27-page Petition, he asks that a directed verdict be granted in his criminal trial, or that his criminal conviction be "reversed or vacated." He also asks the Court to arrest and prosecute the minor victim's parents because, according to Petitioner, they have "poisoned him for about twenty-five years and committed numerous other crimes." (DE# 1 at 26).

III.  Analysis

---

[3] Petitioner sued the minor victim's parents, claiming that they violated his federal constitutional rights, falsely testified against him, and had poisoned him for "25 years." Case No. 3:06-cv-0451-GRA, *Smart v. Tesner.* Petitioner also sued various state officials under 42 U.S.C. § 1983. See Case No. 2:11-cv-2087-GRA-BHH, *Smart v. Wilson*, 2011 WL 4808212, at *2 (D.S.C. Aug. 30, 2011); Case No. 2:13-cv-3105-TLW-BHH, *Smart v. Haley*. All three of these cases were summarily dismissed.

[4] Although Petitioner named the Supreme Court of South Carolina as respondent, the proper respondent in a habeas case is generally the warden of the correctional institution where the petitioner is incarcerated (or as here, the South Carolina Department of Probation Parole and Pardon Services, where the petitioner is presumably supervised under electronic monitoring, home incarceration, supervised release, and/or community service).

A. Unauthorized Successive Petition

The instant Petition is an unauthorized successive petition attempting to challenge the same conviction as prior habeas petitions. Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition, and in fact, the Fourth Circuit Court of Appeals has already denied such authorization to Petitioner. The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Thus, the instant Petition is subject to summary dismissal.

For a petition to qualify as "successive," the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011). Petitioner's first § 2254 petition was dismissed with prejudice, which is an adjudication "on the merits." *See Harvey*, 278 F.3d at 379–80 (differentiating dismissals with and without prejudice); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam ) (holding that after a dismissal with prejudice, any "later habeas petition challenging the same conviction is second or successive and is subject to the § 2244(b) requirements").

Rule 9 of Rules Governing Section 2254 and 2255 Cases expressly provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." 28 U.S.C. § 2244 (b)(3)(A). In a case involving a successive habeas petition, the United States Supreme Court has explained that:

> [The Petitioner] twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Burton v. Stewart*, 549 U.S. 147, 153 (2007) (citing § 2244(b)(3)(A)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition, and thus, this District Court has no jurisdiction to consider the merits of the Petition and should summarily dismiss it.

B. Petitioner is Not "In Custody"

Review of the record reflects an additional reason why this Court may lack jurisdiction to consider this Petition. It is well-settled that a district court has jurisdiction to entertain a petition for habeas relief only from prisoners who are "in custody." 28 U.S.C § 2254(a). The United States Supreme Court has "construed this provision to be jurisdictional and to require that 'the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.' " *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012) (citing *Maleng v. Cook*, 490 U.S. 488, 490–92 (1989) (per curiam) (holding that failure to establish the "in custody" requirement deprives a federal habeas court of subject matter jurisdiction); *and see, e.g., Graves v. McCall,* Case No. 1:13–2866–RMG, 2015 WL 846525 (D.S.C. February 25, 2015)

(summarily dismissing for failure to satisfy the custody requirement), *appeal dismissed*, 2015 WL 6123908 (4th Cir. 2015).

At the time Petitioner filed this § 2254 Petition, he had already been released from state prison and was no longer incarcerated. He acknowledges that he "has completed all punishment and the state no longer has jurisdiction to punish" him. (DE# 1 at 1). He listed a home address on his Petition and mailing envelope. (DE# 1-3). He does not provide a prison address for his Petition. In a prior habeas case filed by Petitioner, this Court noted that Petitioner had been released from prison in 2013 for the 15-year sentence at issue here. *See Smart v. Warden, Kershaw Correctional Instn.*, Case No. 2:13-cv-02449-GRA-BHH, 2013 WL 6054475 (D.S.C. November 15, 2013) ("it appears that Petitioner has completed his criminal sentence").

Nonetheless, in the present Petition, Petitioner complains that upon release from prison, he was informed that "he had two years community supervision and house arrest with leg monitor." (DE# 1 at 24). Amidst his numerous other claims, he complains that he has to "stay home all of the time" and cannot go to a public place without his brother present." (*Id*. at 25). He contends that the trial court should have "fine-tuned" the conditions of supervised release for him. (*Id*.).

In a prior Order, this Court observed:

> It appears that Petitioner is currently under community supervision by the South Carolina Department of Probation, Parole and Pardon Services, as a result of Petitioner's conviction for criminal sexual conduct with a minor, on January 17, 2001, in *State v. Smart*, 1998-GS-44-296, in the Union County General Sessions Court. Petitioner was convicted after a jury trial and sentenced to fifteen years imprisonment. It appears that Petitioner's community supervision began on October 1, 2013 and is scheduled to end on September 30, 2015.

(See Case No. No.: 2:13-3621-GRA-BHH, DE# 6, Order of April 18, 2014). Thus, the record suggests that the Petitioner's sentence has expired and that he was not "in custody" (or under

"community supervision") at the time he filed the instant Petition on October 7, 2015. *See e.g., Singleton v. Eagleton*, 2013 WL 4436409 (D.S.C. August 15, 2013) (finding unconditional release where petitioner was no longer subject to electronic monitoring). If Petitioner was not "in custody" at the time he filed this Petition, then pursuant to 28 U.S.C § 2254(a), this Court would lack jurisdiction to consider this habeas Petition.

### C.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the District Court issue or deny a certificate of appealability ("COA") when a final ruling on a petition for habeas corpus is issued. A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

Here, the record indicates that the Petitioner has filed a successive habeas petition without authorization from the Fourth Circuit Court of Appeals. In light of the multiple habeas petitions previously filed by Petitioner, it is not debatable that this Petition is successive. Given that the Fourth Circuit Court of Appeals has previously denied permission for Petitioner to file a successive petition, it is also not debatable that Petitioner lacks the necessary authorization to file the instant Petition. Moreover, Petitioner does not state a debatable claim of the denial of any constitutional right. Petitioner repeatedly makes the attenuated conclusion that the trial court

lacked "jurisdiction" to convict him, but this erroneous conclusion is based on his own misunderstanding of the law. For example, he claims that the State presented no evidence that "Petitioner was the child's babysitter during the indictment period and lost jurisdiction due to these facts." (DE# 1 at 1, 5-6). Other contentions by Petitioner are nonsensical or irrelevant. For example, he states that the victim's parents "were using a weapon of mass destruction on the Petitioner to stop him from thinking or testifying in this case" and that this was "a major public safety issue." (DE# 1 at 13, 22). Such fanciful allegations fail to state a "debatable claim of the denial of any constitutional right." Petitioner is not entitled to COA.

III. Recommendation

Accordingly, it is RECOMMENDED that 1) this Petition should be <u>dismissed without prejudice</u> and without requiring Respondent to file an answer or return, and that 2) a certificate of appealability should not be issued.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 14, 2015
Charleston, South Carolina
Petitioner's attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).